Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Thomas J. Hanlon
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO: 1:22-CR-02073-SAB-1 |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S SENTENCING |
| | ) | MEMORANDUM |
| vs. | ) | |
| | ) | |
| EDUARDO VALENCIA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Thomas J. Hanlon, Assistant United States Attorney, submits the following sentencing memorandum:

I.

OFFENSE LEVEL & CRIMINAL HISTORY

As to Count 1, the United States believes that (1) the total offense level is 24; (3) criminal history category is III; and (4) the guideline range is 63-78 months.

Government's Sentencing Memorandum    1

As to Count 2, the United States agrees with the calculations in the Presentence Investigation Report ("PIR"), the guideline range is 7 years (84 months) consecutive to Count 1.

Here, the United States recommends that the Court impose a sentence of 162 months confinement.

II.

DEPARTURES

The government is not recommending a departure from the guidelines.

III.

SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a).

1. <u>The nature and circumstances of the offense and the history and characteristics of Defendant.</u>

The current offense was a premeditated violent crime. Here, the Defendant and his accomplice entered a store wearing masks and gloves. The Defendant and his accomplice displayed firearms and threatened the victim. The victim was subsequently assaulted and suffered injuries. The victim was terrorized due to the actions of the Defendant and his accomplice.

The Defendant is a documented Sureno gang member. The Defendant has a lengthy criminal history which includes violent crimes. In 2003, the Defendant

Government's Sentencing Memorandum     2

struck the victim in the face with his fist. The Defendant was provided with an opportunity to take advantage of a Stipulated Order of Continuance ("SOC.") However, the Defendant failed to appear for hearings and he ultimately was sentenced to 90 days in jail. In 2006, the Defendant stabbed a victim in the stomach and stole his wallet. The victim was then forced into the trunk of a car and transported to a neighboring city. The victim was subsequently able to escape from the trunk. The Defendant was sentenced to 29 months in prison.

In addition to the above violent offenses, between 2001 and 2009, the Defendant was convicted of the following offenses in State court: (1) Reckless Driving (2001); (2) Possession of Drug Paraphernalia (2001 and 2003); (3) Residential Burglary (2001); (4) First Degree Possession of Stolen Property (2003); (5) Second Degree Theft (2004); (6) Third Degree Theft (2003); (7) Third Degree Malicious Mischief (2003); (8) Creating Disturbance in Jail (2004); (9) Second Degree Malicious Mischief (2006); and (10) Third Degree Theft and Vehicle Prowling (2009).

In 2010, the Defendant first appeared in Federal court after being charged with being a felon in possession of a firearm. The Defendant was sentenced to 77 months imprisonment to be followed by three years of supervised release. At that time, the Defendant advised he "was ready for a change." He acknowledged he had made bad decisions throughout his life but realized all the time previously

Government's Sentencing Memorandum     3

spent in jail had been a waste of time.  In 2016, after serving his term of imprisonment, the Defendant repeatedly failed on supervision.  The Defendant continued to use controlled substances, failed to report to his probation officer, failed to submit to testing, and failed to attend follow-up substance abuse treatment appointments.  The Defendant's supervised release was revoked on two occasions.  On June 20, 2020, a violation report was filed due to the Defendant's use of methamphetamine.  The Defendant's supervised release expired on July 25, 2020.  Four months later, the Defendant committed the instant violent crime.

The Defendant has advised that he is "really hurt" and he wants the Court to know he loves his children and was trying to be a productive father.  The United States would note that the Defendant owes over $45,000 in child support payments.  It appears the Defendant was employed but quit because "he needed to provide his social security number as part of a urine testing process."

2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

The current offense is serious.  A term of imprisonment is necessary to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.  The United States submits that a sentence of 162 months imprisonment is required and is necessary to promote respect for the law, and to provide just punishment.

3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

Despite his criminal history, the Defendant has not been deterred from engaging in criminal activity. Prior terms of incarceration have failed to deter the Defendant from committing violent crimes. Here, the Defendant's supervised release expired just four months prior to the instant offense. The United States submits that a lengthy term of imprisonment is required.

4. <u>The need for the sentence imposed to protect the public from further crimes of Defendant.</u>

The Defendant is a violent documented gang member and a danger to the community. In 2003, the Defendant assaulted a male with his fist. In 2004, the Defendant stabbed a victim with a knife and forced him into the trunk of a car. Now, the Defendant participated in a planned robbery and assaulted the victim with a firearm. The United States is concerned about this progression- hands, knife, and now firearm.

The United States submits the only way to protect the public is to impose a lengthy term of incarceration. The Defendant's long history and the current offense establish that the Defendant has no concerns about engaging in violent acts and causing physical and emotional pain to victims. The Defendant's history also establishes that his behavior cannot be controlled by orders issues from the Court. The Defendant has repeatedly demonstrated that he simply will not follow orders.

In 2001, defendant failed to appear for multiple hearings resulting in warrants. In 2003, defendant failed to appear for multiple hearings resulting in warrants. In 2004, defendant charged with bail jumping but dropped as part of plea bargain. Between 2007 and 2009, the Defendant was involved in 11 noncompliance hearings with the Department of Corrections. After serving a term of imprisonment, between 2019 and 2020, the Defendant's supervised release was revoked twice due to non-compliance.

After committing the instant offense (November 18, 2020) but before federal charges were ultimately filed (July 12, 2022), the Defendant was charged in state court with multiple crimes: Forgery (Benton County Superior Court), Theft (Benton County District Court), First Degree Theft (Yakima County Superior Court), and Theft of a Motor Vehicle (Yakima County Superior Court).

The Courts have tried to help the Defendant. He was provided with an opportunity to take advantage of a SOC, but ultimately was sentenced to jail. The Defendant has served terms of community supervision. The Defendant was provided with an opportunity participate in a drug program at the Snohomish County jail. The Defendant has been provided with inpatient drug treatment at Pioneer Human Services. The Defendant was also provided with an opportunity to participate in outpatient services. However, nothing has worked as the Defendant

continues to use drugs and commit crimes. The Defendant will likely fail if ordered into future treatment as the Defendant "does not really think he needs it."

5. <u>The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

The Defendant appears to be in need of educational training.

IV.

GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends that the Court impose a sentence of 162 months to be followed by 5 years of supervised release.

Respectfully submitted this 30th day of May 2024.

                VANESSA R. WALDREF
                United States Attorney

                <u>s\ Thomas J. Hanlon</u>
                THOMAS J. HANLON
                Assistant United States Attorney

I hereby certify that on May 30, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF which will send notification of such filing to the following:  Douglas D. Phelps

s\ Thomas J. Hanlon
THOMAS J. HANLON
Assistant United States Attorney
United States Attorney's Office
402 E. Yakima Ave., Suite 210
Yakima, WA   98901
(509) 454-4425